IN THE COURT OF COMMON PLEAS
MARION COUNTY, OHIO

COMMON PLEAS COURT
MARION CO. OHIO

2022 MAR 25  AM 11: 37

JESSICA WALLACE
CLERK OF COURTS

KIMBERLY RUSSELL
573 Mound Street
Marion, Ohio 43302

    Plaintiff,

v.

FAMILY DOLLAR
Store Number 01777
520 N. MAIN STREET
MARION, OHIO 43302

and

FAMILY DOLLAR STORES OF OHIO,
INC.
c/o Corporation Service Company
50 W. Broad Street
Columbus, Ohio 43215

and

FAMILY DOLLAR STORES OF OHIO,
LLC.
c/o Corporation Service Company
50 W. Broad Street
Columbus, Ohio 43215

and

FAMILY DOLLAR STORES, LLC
10301 Monroe Road
Matthews, NC 28105

and

FAMILY DOLLAR STORES, INC.
10301 Monroe Road
Matthews, NC 28105

and

CASE NO.: 2 0 2 2  CV 0 0 9 2

JUDGE: **JUDGE WARREN T. EDWARDS**

**COMPLAINT**

**(Jury Demand Endorsed Hereon)**



FAMILY DOLLAR SERVICES, LLC )
c/o Corporation Service Company )
50 W. Broad Street, Ste 1330 )
Columbus, Ohio 43215 )
)
and )
)
DOLLAR TREE, INC. )
500 Volvo Parkway )
Chesapeake, VA 23320 )
)
and )
)
DOLLAR TREE STORE, INC. )
c/o Corporation Service Company )
50 W. Broad Street, Ste 1330 )
Columbus, Ohio 43215 )
)
and )
)
DOLLAR TREE SOURCING COMPANY, )
LLC. )
c/o Corporation Service Company )
50 W. Broad Street, Ste 1330 )
Columbus, Ohio 43215 )
)
and )
)
MIDWOOD BRANDS, LLC )
500 Volvo Parkway )
Chesapeake, VA 23320 )
)
and )
)
JEFF DUDLEY, LLC )
4633 Sunset Pointe )
Destin, Florida 32541 )
)
and )
)
JOHN DOE COMPANIES 1-3 )
Name and address currently unknown but )
they had a hand in manufacturing and/or )
distributing and/or selling a product to )
Plaintiff that caused her injury and they will )

know who they are by service at Defendant )
Midwood Brands )
500 Volvo Parkway )
Chesapeake, VA 23320 )
)
    Defendants. )
)

Plaintiff Kimberly Russell (hereinafter "Plaintiff"), by and through undersigned counsel, for her Complaint against the above-named Defendants, states and avers as follows:

1.    At all times material, Plaintiff was a consumer and was a resident of Marion County, Ohio. She brings this Complaint against Defendants for negligence, product liability, failure to warn, the serious injury she sustained, and any other legal theory available under Ohio law against the Defendants.

2.    At all times material, Defendant Family Dollar was and is store that sold products to consumers, including to Plaintiff, that was located within Marion County, Ohio at 520 N. Main Street; Marion, Ohio 43302.

3.    At all times material, Defendant Family Dollar Stores of Ohio, Inc. was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer products to individuals and/or consumers such as Plaintiff and owned operated or otherwise controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302 where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

4.    At all times material, Defendant Family Dollar Stores of Ohio, LLC was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer products to individuals and/or consumers such as Plaintiff and owned operated or otherwise controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302

where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

5.      At all times material, Defendant Family Dollar Stores, LLC was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer products to individuals and/or consumers such as Plaintiff and owned operated or otherwise controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302 where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

6.      At all times material, Defendant Family Dollar Stores, Inc. was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer products to individuals and/or consumers such as Plaintiff and owned operated or otherwise controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302 where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

7.      At all times material, Defendant Family Dollar Services, LLC. was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer products to individuals and/or consumers such as Plaintiff and owned operated or otherwise controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302 where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

8.      At all times material, Defendant Dollar Tree, Inc. was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer products to individuals and/or consumers such as Plaintiff and owned operated or otherwise

controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302 where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

9.    At all times material Defendant Dollar Tree Store, Inc. was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer products to individuals and/or consumers such as Plaintiff and owned operated or otherwise controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302 where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

10.    At all times material Defendant Dollar Tree Sourcing Company, LLC was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer products to individuals and/or consumers such as Plaintiff and owned operated or otherwise controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302 where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

11.    At all times material Defendant Midwood Brands, LLC was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer products to individuals and/or consumers such as Plaintiff and owned operated or otherwise controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302 where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

12.    At all times material Defendant Midwood Brands, LLC was in the business of manufacturing, marketing, distributing, providing and/or selling products and/or consumer

products to individuals and/or consumers such as Plaintiff and owned operated or otherwise controlled Defendant Family Dollar located at 20 N. Main Street; Marion, Ohio 43302 where Plaintiff purchased a product that caused her serious injury and/or they manufactured or sold the product that caused her serious injury.

13.    Defendant John Doe Companies 1-3 are manufacturing, distributing and/or marketing companies currently unknown but which had a responsibility to manufacture, distribute and/or market a safe product with proper warning and failed to do so.  The exact names of Defendant John Doe Companies 1-3 are currently unknown to Plaintiff despite reasonable efforts to obtain them and naming them here and now would likely name them mistakenly.  Said Defendants will know who they are when this Complaint is served upon them at Midwood Brands, LLC located at 500 Volvo Parkway, Chesapeake, VA 23320.

14.    All Defendants acted together, in concert, or as a joint venture to manufacture, market, distribute, provide and/or sell a product and/or consumer product called a Family Pet Tie-Out Cable to Plaintiff that caused serious injury to Plaintiff such that they are responsible as joint venturers or as directly being involved in the product that caused Plaintiff serious injury. Hereinafter all Defendants will be referred to collectively as "Family Dollar."

15.    Prior to March 29, 2020, Plaintiff entered the family dollar store located in Marion, Ohio and saw the advertising, marketing, and instructions for a product called a Family Pet Tie-Out Cable and relied on this advertising, marketing, and instructions and purchased the product. Defendants promised it was fit for a particular purpose and was safe to use both implied and expressly.  Plaintiff purchased the product.  The product was defective.

16.    Plaintiff always used the product in accordance with its advertising, marketing, and instructions but the product was defective and did not have the proper instructions or warnings.

17.     On March 29, 2020, the product exhibited Defendants broken promises, warranties, and fitness for a particular purpose, although unbeknownst to Plaintiff until her injury, was defective and caused her serious injury.

18.     On March 29, 2020, Plaintiff was using the product as it was designed to be used and it was defective, had improper warnings and caused Plaintiff serious injury. Some coating around the wire of the product came off, amongst other failures, and caused Plaintiff's finger to be severed off.

19.     At all times material, Family Dollar was the manufacturer and/or supplier of the product at issue in this compliant.

20.     All Defendants worked together, in concert, with a common purpose and goal and/or as a joint venture to provide the product and all had a duty to do so in a safe manner.

21. ·   Both the purchase of the product that is the subject of this complaint and the injury resulting from it occurred in Marion County, Ohio and Defendant Family Dollar owned operated or otherwise controlled a family dollar store in Ohio and was one of their principle places of business.

## COUNT I

## NEGLIGENCE CLAIMS AGAINST ALL DEFENDANTS

22.     All statements and averments in the preceding paragraphs are hereby incorporated by reference as if fully rewritten herein.

23.     All Defendants had a hand in manufacturing, distributing, marketing, and selling a Family Pet Tie-Out Cable and/or dog chain and in warranting it for a particular purpose and for including the proper warnings on the product. All Defendants failed and were negligent and this caused Plaintiff serious injury.

24.     All Defendants also failed to ensure the product had the proper safety warnings.

25.     As a direct and proximate result of the negligence of All Defendants, by and through their employees, agents, subcontractors, partners, officers and/or directors, Plaintiff suffered serious and permanent injuries including, but not limited to, an amputated finger, and severe pain, physical and mental suffering, loss of income, disability and physical limitations, emotional distress, economic and non-economic damages, and other damages yet to be determined.

26.     As a further direct and proximate result of the negligence of all Defendants, by and through their employees, agents, subcontractors, partners, officers, and/or directors, Plaintiff required extensive medical treatment, including but not limited to ambulance transportation, hospitalization and rehabilitation treatment, physical therapy, and has incurred medical expenses, and will incur future medical expenses and medical treatment.

## COUNT II

## VIOLATION OF OHIO REVISED CODE SECTIONS O.R.C. 2307.73, 2307.76, AND 2307.78

27.     The Plaintiff repeats and re-alleges all preceding paragraphs, which are incorporated herein by reference.

28.     All Defendants created, designed, manufactured, marketed, distributed, supplied, and/or sold the product through their respective agents, operatives, and/or employees.

29.     Further, at all times material, Family Dollar knew or had reason to know, that the product lacked safety information and/or notices to instruct on safe use. In addition to this failure to provide adequate safety information, Family Dollar also failed to properly manufacture and design the product for its stated use.

30.    Family Dollar designed, manufactured, sold, marketed and distributed the product into the stream of commerce. The product was defective due to inadequate warning or instruction at the time of marketing when it left control of Defendant and said Defendant knew, or in the exercise of reasonable care, should have known, that there existed a risk of harm that was associated with the subject product and it contained defects and/or presented an unreasonable danger to Plaintiff (and all other users) because it did not adequately warn of the dangers of its defective components, even though there existed a risk of harm that was both actually known and/or knowable to Defendants before the injury sustained by Plaintiff.

31.    Defendant actually knew, or should have known, that the product, distributed and provided to Plaintiff was defective and would malfunction. Defendant thus actually knew, or should have known, that the product's malfunction or defect would foreseeably give rise to physical injury, suffering, debilitation and other damages by virtue of the specific knowledge that such injury would occur (and had previously occurred) to individuals such as Plaintiff.

32.    Despite the fact that Defendant knew, or should have known, that the product was defective and/or would malfunction, Defendant placed the product into the stream of commerce without adequate warnings of its potential danger. Even with further knowledge of the product's defective status Defendant continued to fail and/or refuse to provide warnings or instructions relating to the defects and failed to exercise reasonable care concerning the risks associated therewith.

33.    The product was sold, distributed and/or provided to Plaintiff in a manner reasonably anticipated by Defendant, and in a condition substantially similar to that which was intended by Defendant. Moreover, Plaintiff used the product in a manner reasonably anticipated by Defendant and in a manner consistent with the marketing of the product by Defendant. Thus,

Defendant had no reason to believe Plaintiff would reasonably be apprised of a danger hidden to Plaintiff, but known to Defendant, without adequate warning by Defendant. And, in fact, Plaintiff was not apprised of the potential danger of the product until such time as she was injured.

34.     Defendant's actions and inactions described herein directly and proximately caused substantial injury and damage to Plaintiff. Plaintiff has sustained serious physical and mental injuries, and emotional distress.  Defendant is liable to Plaintiff pursuant to ORC 2307.73, 2307.76 and 2307.78.

35.     In performing the foregoing actions and inactions, Defendant acted recklessly, despicably, fraudulently, maliciously and oppressively so as to justify an award of punitive damages.

## COUNT III

### VIOLATION OF OHIO REVISED CODE SECTIONS O.R.C. 2307.73 AND 2307.77

36.     The Plaintiff repeats and re-alleges all preceding paragraphs, which are incorporated herein by reference.

37.     Defendant designed, manufactured, sold, marketed and distributed into the stream of commerce the product referenced above, and its components, and used by Plaintiff. The product was defective due to its noncompliance, at the time it left control of Defendant, with representations Defendant made about the product.  For example, Defendant represented to Plaintiff that the product was safe to use, when in fact a safety component or warning was not provided, nor was the end user warned of the dangers known to Defendant.

38.     Defendant actually knew, or should have known, that the product, distributed and provided to Plaintiff was defective, was non-conforming to represented specifications and would malfunction. Defendant thus actually knew, or should have known, that the product's malfunction

or defect would foreseeably give rise to physical injury, suffering, debilitation, and other damages by virtue of the specific knowledge that such injury would occur (and had previously occurred) to individuals such as Plaintiff.

39.     Despite the fact that Defendant knew, or should have known, that the product was defective, non-conforming and/or dangerous without the proper safety equipment or warnings, Defendant placed the product into the stream of commerce without adequate warnings of its potential danger.

40.     The product Plaintiff used was sold, distributed and/or provided to her in a manner reasonably anticipated by Defendant, and in a condition substantially similar to that which was intended by Defendant. Moreover, Plaintiff used the product in a manner reasonably anticipated by Defendant and in a manner consistent with the marketing of the product by Defendant. Thus, Defendant had no reason to believe Plaintiff would reasonably be apprised of a danger or non-conformity that was hidden to Plaintiff but known to Defendant. And, in fact, Plaintiff was not apprised of the danger of the product until such time as she was injured.

41.     Defendant's actions and inactions described herein directly and proximately caused substantial injury and damage to Plaintiff. Plaintiff has sustained serious physical and mental injuries, and emotional distress.  Defendant is liable to Plaintiff pursuant to ORC 2307.73 and 2307.78.

42.     In performing the foregoing actions and inactions, Defendant acted recklessly, despicably, fraudulently, maliciously and oppressively so as to justify an award of punitive damages.

## COUNT IV

### VIOLATION OF O.R.C. 2307.73 and 2307.74 (MANUFACTURING DEFECT)

43.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

44.     Defendant designed, manufactured, sold, marketed and distributed into the stream of commerce the product, and its components, purchased and used by Plaintiff. The product used by Plaintiff, and its components, contained defects that presented an unreasonable danger to Plaintiff (and all other users) due to defective manufacture of such products.

45.     Defendant actually knew, or should have known, that the product, distributed and otherwise provided to Plaintiff was defective and at the time it left control of Defendant it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer and would malfunction. Defendant thus actually knew, or should have known, that the product defect would foreseeably give rise to physical injury, suffering, debilitation, and other damages by virtue of the specific knowledge that such injury would occur (and had occurred) to individuals such as Plaintiff.

46.     Despite the fact that Defendant actually knew, or should have known, that the product used was defective and would malfunction, Defendant placed the product into the stream of commerce without remedying the defects or manufacturing processes. The product used by Plaintiff was sold, distributed and/or provided to her in a manner reasonably anticipated by Defendant, and in a condition substantially similar to that in which it left Defendant's control. Moreover, Plaintiff used the product in a manner reasonably anticipated by Defendant and, in fact, in a manner consistent with the specific marketing of the product by Defendant. Thus, Defendant had no reason to believe Plaintiff would reasonably be apprised of the hidden dangers of the

product arising from the defects created by Defendant's conduct. And in fact, Plaintiff was not apprised of the potential danger of the product until such time as he was injured.

47.  Defendant's actions and inactions regarding the design, manufacture and sale of the product directly and proximately caused substantial injury and damage to Plaintiff. Plaintiff has sustained serious physical and mental injuries, and emotional distress.  Defendant is liable to Plaintiff pursuant to ORC 2307.73 and 2307.74.

48.  In performing the foregoing actions and inactions, Defendant acted recklessly, despicably, fraudulently, maliciously and oppressively so as to justify an award of punitive damages.

## COUNT V

## VIOLATION OF O.R.C. 2307.73 and 2307.75 (DESIGN DEFECT)

49.  Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

50.  Defendant have a duty to design products that are reasonably safe for the customers to whom they expect to distribute such items. Defendant designed, manufactured, sold, marketed and distributed into the stream of commerce the product, and its components, purchased and used by Plaintiff.  The product Plaintiff used and its components, contained design defects that presented an unreasonable danger to Plaintiff (and all other users) due to such defects. The product and its components were inherently dangerous at the time they left Defendant's possession and the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design. In particular, the nature and magnitude of the risks associated with the design defect, combined with the expected/known lack of awareness of the risks associated with the defect by

the consumer and the likelihood that the defect would cause harm or injury during foreseeable use, the product without the warnings was defective in design.

51.     Defendant actually knew, or should have known, that the product sold, distributed and provided to Plaintiff was defectively designed and would malfunction. Defendant thus actually knew, or should have known, that the Product's defect would foreseeably give rise to physical injury, suffering, debilitation and other damages by virtue of the specific knowledge that such injury would occur to individuals such as Plaintiff.

52.     Despite the fact that Defendant actually knew, or should have known, that Plaintiff's product was defectively designed and/or would malfunction, Defendants placed the product into the stream of commerce without remedying the defective design. Moreover, the design defects at issue, and the risk and danger thus posed to Plaintiff, outweighed any potential benefit of the design and outweighed the burden of securing or utilizing a practical and feasible alternative design. An ordinary prudent seller, with the knowledge possessed by Defendants, would not have placed the above-referenced product on the market.

53.     The product used by Plaintiff was sold, distributed and/or provided to her in a manner foreseeably anticipated by Defendant, and in a condition substantially similar to that in which it left Defendant's control. Moreover, Plaintiff used the product in a manner foreseeably anticipated by Defendant and, in fact, in a manner consistent with the specific marketing of the product by Defendant. Thus, Defendant had no reason to believe the Plaintiff would reasonably be apprised of the hidden dangers of the trailer arising from the defects. And, in fact, Plaintiff was not apprised of the potential danger of the trailer until such time as she was injured.

54.     Defendant's actions and inactions regarding the manufacture and sale of the product directly and proximately caused substantial injury and damage to Plaintiff. Plaintiff has sustained

serious personal injuries including physical injury and emotional distress, loss of mobility and loss of independence.

55.　　In performing the foregoing actions and inactions, Defendant acted despicably, fraudulently, maliciously and oppressively so as to justify an award of punitive and exemplary damages.

## COUNT VI

## NEGLIGENCE PURSUANT TO O.R.C. 2307.78

56.　　Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

57.　　To the extent Family Dollar is not otherwise deemed a manufacturer of the product at issue herein, Family Dollar is a supplier subject to liability pursuant to the Ohio Product Liability Act (R.C. 2307.73, et seq.)  Family Dollar therefore had a duty to sell, distribute and maintain a product that conformed to the expectations created by Family Dollar, and reasonably anticipated by a consumer like Plaintiff.

58.　　Defendant Family Dollar breached its duty to Plaintiff and was negligent by providing Plaintiff with a defective and inherently dangerous product and components, and/or otherwise negligent in its failure to adhere to the duty's attendant to the trailer supplier and service provider.

59.　　Family Dollar's negligence was the direct and proximate cause of Plaintiff's serious and continuing injuries and damages, whether physical, emotional or economic.  To the extent Family Dollar is not otherwise liable as an ostensible manufacturer of the product used by Plaintiff, Defendant's negligence as a supplier gives rise to its independent liability pursuant to O.R.C. 2307.78(A).

## COUNT VII

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

60.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

61.    Defendant designed, manufactured, marketed and distributed into the stream of commerce the product that was purchased and used by Plaintiff.

62.    At the time Defendant designed, manufactured, marketed and distributed the product, Defendant knew the use for which the product was intended, and impliedly warranted it to be of merchantable quality and safe for use.

63.    Plaintiff reasonably relied upon the skill and judgment of Defendant as to whether the product was of merchantable quality and safe for its intended use.

64.    Contrary to Defendant's implied warranties, the product was not of merchantable quality or safe for its ordinary intended use, nor did it conform to the affirmations of product strength made to Plaintiff.

65.    Defendant's actions and inactions regarding the trailer directly and proximately caused Plaintiff's serious injuries and damages, whether physical, emotional or economic. But for Defendant's conduct, Plaintiff's injuries would not have occurred.

66.    In performing the foregoing acts and/or omissions, Defendant acted despicably, fraudulently, maliciously and oppressively so as to justify an award of punitive damages.

**WHEREFORE,** Plaintiff prays for damages against all Defendants, jointly and/or severally, on all counts in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages, plus attorney fees, pre- and/or post-judgment interest as allowed by law,

costs of litigation, and any and all other relief that this court may deem just and fair to adequately compensate Plaintiff in this matter.

Respectfully submitted,

THOMAS D. ROBENALT (#0055960)
JOHN P. COLAN (#0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, Ohio 44145
Phone:  (216) 223-7535
Fax:    (216) 307-2352
Email:  trobenalt@robenaltlaw.com
        jcolan@robenaltlaw.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Pursuant to Civ.R. 38, Plaintiff hereby demands a trial by jury on all issues.

THOMAS D. ROBENALT (#0055960)
JOHN P. COLAN (#0081778)
THE ROBENALT LAW FIRM, INC.

*Attorneys for Plaintiff*

## TO THE CLERK

**PLEASE SERVE DEFENDANTS BY FEDERAL EXPRESS MAIL, RETURN RECEIPT REQUESTED, AT THE ADDRESSES LISTED IN THE CAPTION OF THE COMPLAINT.**

_____

THOMAS D. ROBENALT (#0055960)
JOHN P. COLAN (#0081778)
THE ROBENALT LAW FIRM, INC.

*Attorneys for Plaintiff*

# IN THE COURT OF COMMON PLEAS
## MARION COUNTY, OHIO

|  |  |  |
|---|---|---|
| KIMBERLY Y. RUSSELL, | ) | CASE NO.: 2022 CV 0092 |
|  | ) |  |
| Plaintiff, | ) | JUDGE: WARREN T. EDWARDS |
|  | ) |  |
| vs. | ) |  |
|  | ) | **STIPULATION FOR** |
| FAMILY DOLLAR, *et al.*, | ) | **LEAVE TO PLEAD** |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

We, the attorneys for the respective parties, do hereby stipulate that Defendants Family Dollar, Family Dollar Stores of Ohio, Inc., Family Dollar Stores of Ohio, LLC, Family Dollar Stores, LLC, Family Dollar Stores, Inc., Family Dollar Services, LLC, Dollar Tree, Inc., Dollar Tree Store, Inc., Dollar Tree Sourcing Company, LLC,  and Midwood Brands, LLC be granted a **thirty (30) day leave**, up to and including **May 27, 2022**, to respond, or otherwise plead to Plaintiff's Complaint, and that the Court may enter an Order accordingly, notice by the Clerk being hereby waived.

Defendants have previously been granted -0- leave to plead for a total of -0- days. Respectfully submitted,



*/s/ John P. Colan  (Per Consent)*
John P. Colan  (0081778)
Thomas D Robenault (0055960)
THE ROBENAULT LAW FIRM, INC.
23550 Center ridge Road,  Suite 103
Westlake, Ohio  44145
Telephone:     (216) 223-7535
Facsimile:     (216) 307-2352
Email:   jcolan@robenaultlaw.com
           trobenault@robenaultlaw.com

*Attorneys for Plaintiff*

*/s/ Daniel A. Richards*
Daniel A. Richards (0059478)
Tina Y. Rhodes (0036903)
WESTON HURD LLP
1300 East 9th Street,  Suite 1400
Cleveland, Ohio 44114
Telephone:     (216) 241-6602
Facsimile:     (216) 621-8369
Email:     Drichards@westonhurd.com
           Trhodes@westonhurd.com

*Attorneys   for Defendants Family Dollar,
Dollar Tree and Midwood Brands, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Stipulation for Leave to Plead* was served via email this 27th day of April, 2022, to:

John P. Colan  (0081778)
Thomas D Robenault (0055960)
THE ROBENAULT LAW FIRM, INC.
23550 Center ridge Road,  Suite 103
Westlake, Ohio  44145
Telephone:     (216) 223-7535
Facsimile:     (216) 307-2352
Email:   jcolan@robenaultlaw.com
           trobenault@robenaultlaw.com

*Attorney for Plaintiffs*

*/s/ Daniel A. Richards*
Daniel A. Richards (0059478)

*Attorney for Defendants Family Dollar,
Dollar Tree, and Midwood Brands, LLC*